IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

**HEATHER SMITH**, individually and on behalf of all those similarly situated,

    Plaintiff,

vs.

**OASIS LEGAL FINANCE, LLC d/b/a OASIS FINANCE,**

    Defendant.

_____/

**CLASS REPRESENTATION**

Case No.:

Division:

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, **Heather Smith** ("Plaintiff"), individually, and on behalf of all those similarly situated, brings this action against Defendant, **Oasis Legal Finance, LLC, d/b/a Oasis Financial,** ("Defendant"), and alleges as follows:

**Jurisdiction, Parties, and Venue**

1. This is a class action pursuant to Rule 1.220(b), Florida Rules of Civil Procedure, seeking declaratory relief, injunctive relief, and/or damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs, and attorneys' fees. This action is brought pursuant to Chapter 501, Part II, Florida Statutes, Florida's Deceptive and Unfair Trade Practices Act("FDUTPA"); Chapter 516, Florida Statutes, Florida's Consumer Finance Act("Consumer Finance Act"); and Chapter 687, Florida Statutes, Florida's Interest, Usury and Lending Practices Act.

2. At this time, the Plaintiff does not have reason to believe that the amount in controversy exceeds $5,000,000.00.

3. The Defendant is a foreign corporation doing business in the State of Florida.

4. Venue is proper in Hillsborough County, Florida, because the Defendant has contracted for its customary business in Hillsborough County, Florida, and one or more of the causes of action set forth below arose and/or accrued in Hillsborough County, Florida. In addition, Defendant's contract at issue in this Complaint is illegal and as such its terms are unenforceable.

5. All conditions precedent to the maintenance of this action have occurred, been performed, or were waived.

**General Allegations Applicable to All Members of the Class**

6. On or about May 20, 2016, Plaintiff entered into a "PURCHASE AGREEMENT" with the Defendant ("Agreement"). This funding arrangement was of benefit to the Defendant, Oasis Legal Finance, since they would gain an undefined "Interest in the Proceeds" of a lawsuit that Plaintiff is currently engaged in. Likewise, it provided a loan to the Plaintiff when they were in need of money.

7. The arrangement between Plaintiff and Defendant is a litigation loan-funding agreement. Defendant assigns/loans a sum of money to a party in litigation. In return, the Defendant seeks to recover their principle amount, plus interest, if the loaned party reaches a successful verdict or settlement.

8. In an effort to finance her litigation, Plaintiff entered into the Agreement with the Defendant for a total sum of $1,140.00.

9. The Defendant engaged and continues to engage in the business of loaning, selling, conveying, and assigning sums of money to individuals throughout the United States- in order to gain an "Interest in the Proceeds" of a verdict or settlement.

10. Section 516.01, Florida Statutes, defines who is subject to Florida's Consumer Finance Act as follows:

      (1)    "Consumer finance borrower" or "borrower" means a person who has incurred either direct or contingent liability to repay a consumer finance loan.

      (2)    "Consumer finance loan" means <u>a loan of money, credit, goods, or choses in action</u>, including, except as otherwise specifically indicated, provision of a line of credit, in an amount or to a value of <u>$25,000 or less</u> for which the lender charges, contracts for, collects, or receives <u>interest at a rate greater than 18 percent per annum.</u>

[emphasis added]

11.   Defendant's Agreement is a "loan" and/or a "chose in action" which, pursuant to Section 516.01, Florida Statutes, makes the Agreement subject to the Consumer Finance Act. <u>All allegations alleged within this Complaint shall be construed to mean a loan and/or chose in action under Florida law.</u>

12.   A loan is "[a]n act of lending; a grant of something for temporary use . . . A thing lent for the borrower's temporary use; or a sum of money lent at interest. *Loan, Black's Law Dictionary* (10th ed. 2016).

13.   Defendant lent Plaintiff a sum of money in exchange for an interest in the proceeds of her case.

14.   A chose in action is "[a] proprietary right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort . . . The right to bring an action to recover a debt, money, or thing . . . Personal Property that one person owns but another person possesses, the owner being able to regain possession through lawsuit." *Chose in Action, Black's Law Dictionary* (10th ed. 2016).

15.   Defendant has a chose in action with the Plaintiff, pursuant to Section 516.01, Florida Statutes, because Defendant gained an "Interest in the Proceeds." In other words, they have a right to the personal property (money) of the Plaintiff because, should she recover at the end of her litigation, the Defendant explicitly states that <u>she must pay them</u> before they can distribute funds <u>to anyone else</u>.

16. As a result, Defendant's Agreement is subject to Chapter 516, Florida Statutes.

## Class Action Allegations

17. Pursuant to Rule 1.220, Florida Rules of Civil Procedure, the Plaintiff, together with such other individuals that may join this action as class representatives hereby brings this action on her own behalf and on behalf of all those similarly situated.

18. As used herein, the "**Class**" consists of and is defined as all persons who borrowed money from Defendant in the State of Florida and were charged in excess of the maximum interest rate allowed pursuant to Sections 516.02, and 515.031, Florida Statutes, within 4 years of the filing of this lawsuit until such time as this case is certified.

19. In the event this Court declares the Agreement is a loan, then the Class will also consist of all persons who borrowed money from Defendant in the State of Florida and were charged in excess of the maximum interest rate under Chapter 687, Florida Statutes, within 4 years of the filing of this lawsuit until such time as this case is certified.

20. The Plaintiff reserves the right to amend the Class definition as discovery proceeds and to conform to the evidence.

21. While the exact number of class members is unknown at this time, the Plaintiff estimates there are in excess of forty and more likely hundreds of individuals throughout the State of Florida who are potential class members in this action.

22. The number of class members is so numerous that separate joinder of each member is impractical.

23. This action poses questions of law and fact that are common to and affect the rights of all members of the class.

24. Based on the facts and circumstances set forth herein, the Plaintiff's claims are typical of the claims of the members of the class.

25. Further, other individual plaintiffs may elect to join this action upon such grounds as the Court may set forth and these individuals will likewise have issues that are common to those of all other class members.

26. The Plaintiff has retained the undersigned attorneys who are experienced in handling class actions involving, among other things, consumer rights, products liability, and consumer finance for over fifteen (15) years. As a result, the undersigned attorneys are qualified and experienced in class action litigation and will adequately protect the interests of the class.

27. The Plaintiff brings this class action pursuant to Rule 1.220(b)(2), Florida Rules of Civil Procedure, as a result of the Defendant's actions or omissions as alleged herein, are generally applicable to all class members thereby making declaratory and injunctive relief concerning the class as a whole appropriate.

28. The Plaintiff also brings this class action under Rule 1.220(b)(3), Florida Rules of Civil Procedure, because common questions of fact and law exist as to all class members and such questions predominate over any questions solely affecting any individual member of the class.

**COUNT I**
**VIOLATIONS OF THE FLORIDA CONSUMER FINANCE ACT:**
**EXCESSIVE INTEREST RATES**
**CHAPTER 516, FLORIDA STATUTES**
(Declaratory Relief)

29. The Plaintiff re-alleges and incorporates by reference paragraphs 1-27 above.

30. Section 516.02, Florida Statutes, provides in pertinent part:

(1) A person must not engage in the business of making consumer finance loans unless she or he is authorized to do so under this chapter or other statutes and unless the person first obtains a license from the office.

(2) (a) A person who is engaged in the business of making loans of money, except as authorized by this chapter or other statutes of this state, may not directly or indirectly charge, contract for, or receive any interest or consideration greater than 18 percent per annum upon the loan, use or forbearance of money, goods or choses in action, or upon the loan or use of credit, of the amount or value of $25,000 or less.

(c) A loan for which a greater rate of interest or charge than is allowed by this chapter has been contracted for or received, wherever made, is not enforceable in this state, and each person who in any manner participates therein in this state is subject to this chapter. However, this paragraph does not apply to loans legally made to a resident of another state by a person within that state if that state has in effect a regulatory small loan or consumer finance law similar in principle to this chapter.

31. Section 516.031, Florida Statutes, limits interest charged, contracted for, or received by licensees, and provides:

(1) INTEREST RATES-Every licensee may lend any sum of money not exceeding $25,000. A licensee may not take a security interest secured by land on any loan less than $1,000. The licensee may charge, contract for, and receive thereon interest charges as provided and authorized by this section. <u>The maximum interest rate shall be 30 percent per annum, computed on the first $2,000</u> of the principal amount as computed from time to time; 24 percent per annum on that part of the principal amount as computed from time to time exceeding $2,000 and not exceeding $3,000; and 18 percent per annum on that part of the principal amount as computed from time to time exceeding $3,000 and not exceeding $25,000 . . . .

32. Defendant engaged in the business of making loans and/or chose in actions of money, and directly or indirectly, charged, contracted for, or received interest greater than 18 percent per

annum in violation of Section 516.02(2) (a), Florida Statutes.

33. Defendant is not licensed as a consumer finance lender by the Office of Financial Regulation and has never been so licensed.

34. Defendant engaged in the business of making loans and/or chose in actions of money, and directly or indirectly, charged, contracted for, or received interest greater than the statutory maximum rates in violation of Section 516.03(1), Florida Statutes.

35. Defendant regularly made consumer loans and/or chose in actions to Florida litigation-borrowers at rates far in excess of the allowable limits in the Consumer Finance Act.

36. Pursuant to Section 516.02(c), Florida Statutes, "a loan for which a greater rate of interest or charge than is allowed by this chapter has been contracted for or received, wherever made, is not enforceable in this state, and each person who in any manner participates therein in this state is subject to this chapter."

37. Defendant's loans and/or chose in actions to Plaintiff and the class are unenforceable pursuant to Section 516.02(c), Florida Statutes, because the following contractual activities, among others, occurred in Florida:

   (a) Defendant solicited Florida resident borrowers through the internet and other means which targeted and reached Florida borrowers in their homes;

   (b) Discussions by Defendant with Florida resident borrowers regarding the loans were conducted over the Internet or by telephone with borrowers in their homes or while such borrowers were located in Florida;

   (c) Defendant transmitted the loan documents to Florida resident borrowers via the Internet to borrowers while the borrowers were located in Florida;

   (d) Defendant disbursed loan funds to Florida borrowers to borrowers' bank as and bank accounts located in Florida;

   (e) Defendant received loan payments from Florida borrowers from funds in borrowers' bank accounts located in Florida.

38. Further, Section 516.07(1), Florida Statutes, prohibits deceptive acts or practices both in connection with a loan and/or chose in action for unreasonable collection practices under Chapter 516, Florida Statutes.

39. Accordingly, Defendant's activities are prohibited by Chapter 516, Florida Statutes, and Plaintiff is entitled to injunctive relief prohibiting Defendant from offering or making any consumer loans and/or chose in actions to Florida borrowers in violation of the Consumer Finance Act and from collecting on or retaining any principal or charges collected from Florida borrowers on such loans and/or chose in actions.

40. Defendant willfully engaged in the acts and practices alleged herein.

41. These above-described acts and practices of the Defendant have injured and will likely continue to injury and prejudice the public.

42. Unless the Defendant is temporarily and permanently enjoined from engaging further in the acts and practices complained of herein, the Defendant's actions will result in irreparable injury to the public for which there is no adequate remedy at law.

**COUNT II**
**VIOLATIONS OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES,**
**CHAPTER 501, PART II, FLORIDA STATUTES**

43. The Plaintiff re-alleges and incorporates by reference paragraphs 1-41 above.

44. This is an action for injunctive relief under "FDUTPA" brought by the Plaintiff and the Class against the Defendant.

45. FDUTPA provides that "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

46. In the course of offering, arranging, making and collecting on illegal consumer loans,

Defendant has engaged in unfair and deceptive acts or practices in trade or commerce in violation of Section 501.204(1), Florida Statutes.

47. Defendant's unfair and deceptive acts or practices include, but are not limited to, the following:

    (a) Engaging in unfair business enterprise of offering, making, and collecting on consumer loans to Florida borrowers, when such loans are in gross violation of the Consumer Finance Act and/or usury laws of this State and violate the public policy of this State;

    (b) Continuing to offer, make, and collect on consumer loans in willful violation of Florida law; and

    (c) Making and collecting on loans at oppressive and unfair rates, and making such loans without accounting for the borrower's ability to repay; and

    (d) Failing to even state the usurious interest rates being charged in the Agreement.

48. Thus, Defendant has engaged in and is engaging in unfair or deceptive or unconscionable acts or practices in the conduct of any trade or commerce in violation of Sections 501.203(3) (c), and 501.204(1), Florida Statutes.

49. Defendant willfully engaged in the acts and practices alleged herein.

50. These above-described acts and practices of the Defendant have injured and will likely continue to injure and prejudice the public.

51. The Plaintiff and the members of the class have no adequate remedy at law.

52. The Plaintiff has retained the undersigned counsel to prosecute this action and is entitled to the recovery of its reasonable attorneys' fees and costs pursuant to Sections 501.2105 and 501.211, Florida Statutes.

## VIOLATIONS OF FLORIDA INTEREST, USURY AND LENDING PRACTICES
## CHAPTER 687, FLORIDA STATUTES

53. The Plaintiff re-alleges and incorporates by reference paragraphs 1-27 above.

54. Defendant made loans of money to Plaintiff and the class and willfully and knowingly charged, took, or received interest grossly exceeding the rates and charges permitted by Florida usury law in violation of sections 687.03(1), 687.071(2) and 687.071(3), Florida Statutes.

55. The interest and usury laws of Florida provide that the maximum interest rate that may be charged on loans and/or chose in actions is 18% per annum simple interest. Section 687.03(1), Florida Statutes, provides:

> (1) Except as provided herein, it shall be usury and unlawful for any person, or for any agent, officer, or other representative of any person, to reserve, charge, or take for any loan, advance of money, line of credit, forbearance to enforce the collection of any sum of money, or other obligation a rate of interest greater than the equivalent of 18 percent per annum simple interest, either directly or indirectly, by way of commission for advances, discounts, or exchange, or by any contract, contrivance, or device whatever whereby the debtor is required or obligated to pay a sum of money greater that the actual principal sum received, together with interest at the rate of the equivalent of 18 percent per annum simple interest.

56. Section 687.071, Florida Statutes, further identifies and prohibits criminal usury rates, and provides in pertinent part:

> (2) Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding 25 percent per annum but <u>not in excess of 45 percent</u> per annum, or the equivalent rate for a longer or shorter period of time, whether directly or indirectly, or conspires so to do, commits a misdemeanor of the second degree, punishable in s. 775.082 or s. 775.083.

57. Section 687.04, Florida Statutes, provides the penalty for usury violation of Section 687.03, Florida Statutes:

> Any person, or any agent, officer, or other representative of any person, willfully violating the provisions of s. 687.03 shall forfeit the entire interest so charged, or contracted to be charged or reserved, **and only the actual principal** sum of such usurious contract can be enforced in any court in this state, either at law or in equity; and when said usurious interest is taken or reserved, or has been paid, then and in that event

the person who has taken or reserved, or has been paid, either directly or indirectly, such usurious interest shall forfeit to the party from whom such usurious interest has been reserved, taken, or exacted in any way double the amount of interest so reserved, taken or exacted.

58.     Defendant willfully and knowingly engaged in the acts and practices alleged herein.

59.     The above-described acts and practices of the Defendant have injured and will likely continue to injure and prejudice the public.

## COUNT IV
## UNJUST ENRICHMENT

60.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-27 above.

61.     This is an action for unjust enrichment and pled in the alternative to Counts I through III above, for Defendant's unlawful loans and/or chose in actions in the State of Florida at interest rates greater than allowed by Florida law.

62.     As a result of the conduct described above, the Defendant has been and will be unjustly enriched at the expense of the Plaintiff and members of the class.

63.     Specifically, the Defendant charged a 65% per annum interest to the Plaintiff and members of the class, when the maximum allowable interest rate is only 30%. Since the interest rate is not explicitly stated in the Purchase Agreement, it could also be portrayed as a 51.132% interest rate compounded monthly.

64.     The Defendant should be required to disgorge their unjust enrichment by the Court's powers of equity.

65.     Upon information and belief, this has been a routine practice of the Defendant which has occurred throughout the State of Florida for several years.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court to award the following relief in favor of the Plaintiff and the class members against the Defendant:

(a)  An order certifying that this action is properly maintainable under Rule 1.220(b)(2) and/or under Rule 1.220(b)(1)-(3); appointing the Plaintiff and the undersigned attorneys to represent the Class as defined herein; and requiring reasonable and adequate notice to be given to prospective class members following certification.

(b)  Temporary and permanent injunctive relief prohibiting Defendant and their owners, directors, officers, agents, employees, subsidiaries, and affiliates, and those persons in active concert or participation with those who receive actual notice of the Court's Orders, from engaging in any activity within the State of Florida, or from outside the State of Florida but involving Florida businesses or Florida residents, which relates in any way to the offering, making, arranging, servicing or collecting on loans or choses in action to Florida residents that violate the lending and consumer protection laws of this State;

(c)  That all loans and/or chose in actions made to or collected from Florida consumers in violation of the Florida Consumer Finance Act, and which are held or serviced by the Defendant, be declared void pursuant to Section 516.02, Florida Statutes, and all money collected by the Defendant above and beyond any principal loaned pursuant to such unlawful loans be refunded, including, interest, or two times the the interest if such interest has already been paid (pursuant to Section 516.031, Florida Statutes), and other charges;

(d)  That all loans and/or chose in actions made or collected on by the Defendant at rates in excess of the interest rates allowed by Sections 516.02(2) (a), Florida Statutes, and which are held or serviced by the Defendant, be declared unlawful and Defendant be ordered to forfeit all interest and ordered to refund two times the interest collected from Florida borrowers;

(e)  That Defendant be ordered to refund all money collected in excess of the original principal lent on all loans and/or chose in actions made or collected by Defendant in violation of Sections 501.203(3) (c) and 501.204(1);

(f) That Defendant be ordered to notify all credit reporting agencies to which they have reported that all Defendant loans and/or chose in actions made to Florida consumers in violation of the consumer protection laws of this State are invalid, and that all reports and scores that reflect such loans be removed;

(g) That all loans and/or chose in actions made to or collected from Florida consumers in violation of sections 687.03(1), 687.071(2) and 687.071(3), Florida Statutes, and which are held or serviced by the Defendant, be declared void pursuant to Section 687, Florida Statutes, and all money collected by the Defendant above and beyond any principal loaned pursuant to such unlawful loans and/or chose in actions be refunded, including, interest, or two times the interest if such interest has already been paid (pursuant to Section 516.031, Florida Statutes), or other charges;

(h) That Defendant should be required to disgorge their unjust enrichment by forfeiting all profits gained from Plaintiff and the class.

(i) Attorneys' fees and costs as awardable pursuant to any applicable contract, rule or statute; and

(j) Such other relief as the Court deems fair and reasonable.

## DEMAND FOR JURY TRIAL

The Plaintiff, individually, and on behalf of all others similarly situated who may join this action, hereby demands a trial by jury on all issues so triable against Defendant.

**DATED** this 21st day of August, 2017.

_____

        **THE JEEVES LAW GROUP, P.A.**
954 First Avenue North
St. Petersburg, FL 33705
(727) 894-2929
(727) 822-1499 (Facsimile)
Primary:  sjeeves@jeeveslawgroup.com
Secondary khill@jeeveslawgroup.com

and

_____
Craig E. Rothburd, FBN 0049182
**CRAIG E. ROTHBURD, P.A.**
320 W. Kennedy Blvd.
Suite 700
Tampa FL 33606-2722
Telephone:  (813) 251-8800  `
Primary Email:  crothburd@e-rlaw.com

**Attorneys for Plaintiff**