UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER SMITH, individually
and on behalf of all those
similarly situated,

    Plaintiff,

v.                          Case No. 8:17-cv-2163-T-33JSS

OASIS LEGAL FINANCE, LLC
d/b/a OASIS FINANCE,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Oasis Legal Finance, LLC's Motion to Dismiss Amended Complaint and to Strike Class Allegations (Doc. # 14), filed on October 10, 2017. Plaintiff Heather Smith responded on October 23, 2017. (Doc. # 16). For the reasons that follow, the Motion is granted to the extent the case is dismissed pursuant to the doctrine of *forum non conveniens*.

**I.    Background**

Smith entered a litigation funding agreement, which she characterizes as a loan, with Oasis Legal in May of 2016. (Doc. # 10 at 3; Doc. # 10-1 at 2). The agreement specified Oasis Legal would give Smith $1,140 to fund a lawsuit in which Smith was represented. (Doc. # 10 at 3). In return, Smith

1

agreed to pay a portion of the proceeds from that pending litigation — a provision Smith interprets as imposing an unlawfully high interest rate between 33.44% and 71.42%. (Id.). The agreement also included a forum selection clause and choice of law provision, which state in relevant part:

> This Purchase Agreement, and all lawsuits, disputes, claims, or proceedings arising out of or relating to this Purchase Agreement or the relationships that result from this Purchase Agreement, shall be governed, construed and enforced in accordance with the laws of the State of Florida.
>
> The Parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois.

(Doc. # 10-1 at 6).

Furthermore, the agreement specified: "THE PARTIES ALSO WAIVE ANY RIGHT TO HAVE HANDLED AS A CLASS ACTION ANY PROCEEDING ON ANY LAWSUIT, DISPUTE, CLAIM, OR CONTROVERSY ARISING OUT OF THIS AGREEMENT . . . ." (Id.). Smith's attorney for that litigation also signed an "Attorney Acknowledgement," acknowledging that he received a copy of the agreement and that there was no other source of funding

for the litigation to the attorney's knowledge. (Doc. # 10-2 at 6).

On August 21, 2017, Smith initiated this action in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. (Doc. # 2). Oasis Legal removed the case to this Court on September 19, 2017. (Doc. # 1). The next day, Oasis Legal filed a Motion to Dismiss and Strike Class Allegations, arguing the case should be dismissed for improper venue and the class allegations should be stricken based on the agreement's forum selection and class action clauses. (Doc. # 5).

Smith filed her Amended Complaint on October 3, 2017, again asserting claims for unjust enrichment and violation of Florida's Interest, Usury, and Lending Practices Act and Florida's Deceptive and Unfair Trade Practices Act, as well as for declaratory relief under Florida's Consumer Finance Act. (Doc. # 10). She seeks this relief on behalf of herself and all others who entered similar agreements with Oasis Legal in Florida beginning on August 21, 2013. (Id. at 5-6). Oasis Legal then filed its Motion to Dismiss Amended Complaint and to Strike Class Allegations on October 10, 2017, (Doc. # 14), to which Smith has responded. (Doc. # 16). The Motion is ripe for review.

**II. Analysis**

   **1. Venue is proper in the Middle District of Florida, but dismissal under the doctrine of *forum non conveniens* is still available**

First, Oasis Legal argues that the case should be dismissed for improper forum pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 14 at 6). Oasis Legal insists that "[p]ursuant to the agreement's broad, comprehensive exclusive venue provision, any forum other than the Circuit Court of Cook County is improper." (Id.). Because Oasis Legal refers to an improper forum rather than improper venue, it is unclear whether Oasis Legal is arguing that venue does not properly lie in the Middle District of Florida under the federal statutory venue provisions. See Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman, 878 F. Supp. 2d 1274, 1286 (S.D. Fla. 2012)("A forum selection clause does not, by itself, render venue in an alternative forum improper, as venue is improper only if the statutory venue requirements . . . have not been satisfied." (quoting Eres N.V. v. Citgo Asphalt Ref. Co., 605 F. Supp. 2d 473, 479 (S.D.N.Y. 2009)).

So far as that is Oasis Legal's argument, Smith contends that venue is proper in the Middle District of Florida because Oasis Legal removed the case to this Court. (Doc. # 16 at 6).

Indeed, 28 U.S.C. § 1441(a) prescribes that a state action is properly removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[Section] 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district. Thus, once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds." Hollis v. Fla. State Univ., 259 F.3d 1295, 1299 (11th Cir. 2001). Venue is proper in the Middle District of Florida because Oasis Legal removed the case here from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Therefore, Oasis Legal's Motion is denied to the extent it requests the case be dismissed under the theory that venue is improper in this Court.

That does not end the inquiry of whether the case should remain in this Court. Oasis Legal alternatively argues that the case should be dismissed under the doctrine of *forum non conveniens*, as outlined in the Supreme Court case Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas, 134 S. Ct. 568 (2013). (Doc. # 14 at 16-17). Smith correctly notes that Oasis Legal failed to raise a § 1404(a) argument for transfer. (Doc.

5

# 16 at 6). For good reason. The forum selection clause in the Agreement specifies that the action must be brought in the Circuit Court of Cook County, Illinois — a state court. Therefore, transfer under § 1404(a) is unavailable because that section deals with transfer to other federal courts. See Atl. Marine, 134 S. Ct. at 580 ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system. . . . For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* 'has continuing application in federal courts.'" (citation omitted)).

Therefore, Smith is incorrect that the only means of challenging venue in a removed case is to move for transfer pursuant to § 1404(a). Smith herself acknowledges the existence of Pappas v. Kerzner International Bahamas Limited, 585 F. App'x 962 (11th Cir. 2014). There, the Eleventh Circuit affirmed dismissal under the modified Atlantic Marine *forum non conveniens* analysis because a forum selection clause mandated the claims be litigated in the Bahamas. Id. at 967; see also Vernon v. Stabach, No. 13-62378-CIV, 2014 WL 1806861, at *2 (S.D. Fla. May 7, 2014)("Because the Ohio forum-

selection clause in this case designates a state forum, and not a federal one, a motion to dismiss for *forum non conveniens* is the appropriate enforcement mechanism."). Smith's attempt to distinguish Pappas from this case is unavailing. The fact that Pappas was initiated in federal court, rather than removed, does not imply that a removed case cannot be dismissed on *forum non conveniens* grounds. See Blue Ocean Corals, LLC v. Phoenix Kiosk, Inc., No. 14-CIV-61550, 2014 WL 4681006, at *9 (S.D. Fla. Sept. 19, 2014)(dismissing a case removed from Florida state court under the Atlantic Marine *forum non conveniens* analysis where a valid forum selection clause mandated litigation in Arizona state court).

### 2. **Dismissal for *forum non conveniens* is proper**

As mentioned, Oasis Legal alternatively argues that the case should be dismissed under the modified *forum non conveniens* analysis specified in Atlantic Marine. (Doc. # 14 at 16-17). Typically, "[t]o obtain dismissal for *forum non conveniens*, '[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" GDG Acquisitions,

7

LLC v. Gov't of Belize, 749 F.3d 1024, 1028 (11th Cir. 2014)(quoting Leon v. Millon Air, Inc., 251 F.3d 1305, 1310–11 (11th Cir. 2001)).

Still, "the Supreme Court in Atlantic Marine explained that an enforceable forum-selection clause carries near-determinative weight in this analysis." GDG Acquisitions, LLC, 749 F.3d at 1028.

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. . . . As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, **the practical result is that forum-selection clauses should control except in unusual cases**.

Atl. Marine, 134 S. Ct. at 582 (internal citations omitted and emphasis added). "Thus, a district court now must consider an enforceable forum-selection clause in the *forum non conveniens* analysis." GDG Acquisitions, LLC, 749 F.3d at 1029.

### a. The forum selection clause is enforceable and has not been waived

The Atlantic Marine analysis "presupposes a contractually valid forum selection clause." Atl. Marine, 134 S. Ct. at 581 n.5. Therefore, the Court must determine whether the forum selection clause is, in fact, valid. "Beyond

8

validity, in analyzing the application of a forum-selection clause a court must determine whether the claim or relationship at issue falls within the scope of the clause — by looking to the language of the clause itself — and whether the clause is mandatory or permissive." Blue Ocean Corals, LLC, 2014 WL 4681006, at *4.

Here, the forum selection clause provides that the parties consent "to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement." (Doc. # 10-1 at 6). The forum selection clause is mandatory because it specifies that jurisdiction in Cook County is "exclusive." See Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004)("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" (citation omitted)). Smith does not argue that her claims exceed the scope of the agreement's forum selection clause. Because the Amended Complaint argues the terms of the agreement are illegal, the claims either "aris[e] out of or relat[e] to" the agreement. (Doc. # 10-1 at 6); see Bahamas Sales Assoc., LLC v. Byers,

9

701 F.3d 1335, 1340 (11th Cir. 2012)("To determine if a claim falls within the scope of a clause, we look to the language of the clause.").

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009).

> A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy.

Id.

"In order for a forum selection clause to be invalidated on the basis of the first factor, fraud or overreaching, a plaintiff must specifically allege that the clause was included in the contract at issue because of fraud." Rucker v. Oasis Legal Fin., L.L.C., 632 F.3d 1231, 1236 (11th Cir. 2011). Although she emphasizes the agreement "is a form agreement not subject to negotiation," Smith does not allege in her Amended Complaint or response that the forum selection clause was entered through fraud. (Doc. # 16 at 13). So, the forum selection clause cannot be invalidated on the grounds

10

of fraud or overreaching. See Rucker, 632 F.3d at 1236 ("The plaintiffs have never made this allegation here. For that reason, the first factor does not support non-enforcement of the forum selection clause.").

Nevertheless, Smith argues that dismissal for *forum non conveniens* is unwarranted because the forum selection clause is invalid and unenforceable for various other reasons. (Doc. # 16 at 7-14). First, Smith argues that the forum selection clause is unenforceable because the entire agreement containing that clause is unlawful. (Id. at 9). The Court is not persuaded. As the Eleventh Circuit has explained, "[a] forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained." Rucker, 632 F.3d at 1238.

Smith argues Rucker is distinguishable in part because, unlike Rucker, this case was removed to federal court. (Doc. # 16 at 9). That this case was removed makes no difference to whether the forum selection clause is severable from the rest of the agreement. Smith also argues Rucker is distinguishable because the plaintiff there sought a declaration regarding whether the agreement was an illegal gambling contract. (Doc. # 16 at 9). In contrast, Smith argues her agreement violates a Florida statute outlawing excessive interest rates and

11

invalidating loans that charge such rates. But the fact that Rucker challenged the legality of an agreement under a different legal theory does not impact whether the forum selection clause is severable from the rest of the agreement here. Rucker applies and the forum selection clause is severable from the rest of the agreement.

Even if the clause is severable, Smith urges that "public policy factors weigh in favor of keeping the case here." (Doc. # 16 at 12). Although Smith asserts that "enforcement of the venue selection clause here . . . clearly violates the public policy of the State of Florida," she cites no authority holding that enforcement of a severable forum selection clause that was not entered through fraud violates Florida public policy. (Id. at 13). Instead, Smith points out that only eight cases have been brought against Oasis Legal in the Circuit Court of Cook County, Illinois since 2006. (Id. at 14; Doc. # 16-1). In Smith's eyes, this low number of cases proves that the Cook County court "was clearly chosen to make it difficult and expensive in small dollar individual cases for Floridians to bring an action against Oasis." (Doc. # 16 at 14). Thus, she argues litigating in Cook County frustrates the purpose of the Florida Consumer Finance Act — a consumer protection statute. (Id. at 13-14). Although Smith "does not

know how congested the Cook County court's docket may be," she contends Florida has an interest in having this case adjudicated locally. (Id. at 14).

Smith has not provided any information on the number of Floridians who have attempted to sue Oasis Legal in Florida courts, but who were foiled by the forum selection clause. The Court has no information on how many Floridians wish to pursue claims against Oasis Legal. Therefore, the Court has no context to determine whether the number of cases in Cook County court actually indicates a significant frustration of Floridians' ability to sue. Regardless, it may be true that few Floridians would choose to pursue claims against Oasis Legal in Cook County court. But this does suggest that the forum selection clause those Floridians signed is so unreasonable as to violate public policy.

The Court also notes that Florida law would be applied in the Cook County court, so Smith would not be deprived of the remedy she seeks — an adjudication of whether the agreement violates Florida law. See Rucker, 632 F.3d at 1237 (rejecting plaintiff's public policy argument because "plaintiff's argument again ignores the fact that the Illinois court hearing this case will apply Alabama law, and must therefore give proper deference to the Alabama precedent

13

plaintiffs provide"). As Florida law will be applied, enforcement of the forum selection clause will not significantly undermine the effectiveness of the consumer protection statutes under which Smith brings her claims. Cf. Mgmt. Computer Controls, Inc. v. Charles Perry Const., Inc., 743 So. 2d 627, 633 (Fla. 1st DCA 1999)(declining to enforce forum selection clause for FDUPTA claim where the forum selection clause required the case be litigated in Tennessee *and* the agreement be interpreted and construed under Tennessee law).

The Court does not share Smith's apparent concern that an Illinois judge has no interest in correctly deciding a matter of Florida law. And, while Florida may have an interest in having this case adjudicated locally, there is nothing to suggest that this interest outweighs the parties' contractually agreed forum selection clause. Weighing the factors, the Court finds that Smith has not made the requisite "strong showing" that the forum selection clause should be invalidated as unfair or unreasonable. See Krenkel, 579 F.3d at 1281 ("Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances."). Thus, the forum selection clause is valid.

Finally, even if the forum selection clause is valid, Smith argues Oasis Legal waived its right to enforce the clause by including requests that the Court strike the class allegations in its original motion to dismiss for improper venue, and again in its renewed Motion. (Doc. # 16 at 7). "The test for waiver of a forum selection clause is whether the party seeking its enforcement has acted inconsistently with the clause's right and whether the other party has been prejudiced as a result." Utilities Mktg. Grp., LLC v. Warrick, No. 8:15-cv-1966-T-26TBM, 2016 WL 3447528, at *2 (M.D. Fla. June 23, 2016).

The Court is not persuaded that Oasis Legal has waived enforcement of the forum selection clause. Oasis Legal moved for dismissal for improper venue or, alternatively, for *forum non conveniens* the day after the case was removed to this Court. (Doc. # 5). Once Smith filed her Amended Complaint, Oasis Legal renewed its request that the case be dismissed based on the forum selection clause by filing the instant Motion. (Doc. # 14). The fact that Oasis Legal also requests that Smith's class action allegations be stricken does not show that Oasis Legal acted inconsistently with a desire to enforce the forum selection clause. Oasis Legal has not waived its right to enforce the forum selection clause.

### b. **Public-interest factors do not warrant maintaining the case in this District**

Having determined that the causes of action in this lawsuit are governed by a valid, mandatory, forum selection clause, the Court must next consider whether to enforce the clause under the doctrine of *forum non conveniens*. First, the Court notes that the Circuit Court of Cook County, Illinois is an adequate forum and Smith does not deny that her case could be brought there. See Kolawole v. Sellers, 863 F.3d 1361, 1369 (11th Cir. 2017)("A forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress." (citation and internal quotation marks omitted)).

Additionally, the Court need only address the public-interest factors, because the private-interest factors all weigh in favor of dismissal. See PNC Bank, N.A. v. Akshar Petroleum, Inc., No. 3:13-cv-436-J-34PDB, 2014 WL 1230689, at *6 (M.D. Fla. Mar. 25, 2014)("In conducting this analysis, the Court may consider only public-interest factors." (citing Atl. Marine, 134 S. Ct. at 582)); GDG Acquisitions, LLC, 749 F.3d at 1029 ("A binding forum-selection clause requires the court to find that the *forum non conveniens* private factors entirely favor the selected forum."). These public-interest

factors "include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" Atl. Marine, 134 S. Ct. at 581 n.6 (citation omitted). Nevertheless, the Court cautioned that public-interest "factors will rarely defeat" a motion to enforce a valid forum selection clause. Id. at 582. The party opposing dismissal or transfer "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor" dismissal or transfer. Id. at 583 ("As the party acting in violation of the forum-selection clause, [plaintiff] must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer.").

The Court has already addressed Smith's public-policy arguments in determining that the forum selection clause is valid. The Court will revisit these arguments to the extent they relate to the Atlantic Marine public-interest factors. Smith is unaware of whether there is congestion in the Circuit Court of Cook County, Illinois, so that factor does not weigh against dismissal. (Doc. # 16 at 14). True, Smith trumpets the importance of the localized dispute being decided in a Florida forum that is at home with the law. (Id.). Still,

17

these public-interest factors do not overwhelmingly disfavor dismissal, especially in light of the choice of law provision requiring application of Florida law.

The Court is cognizant of the Supreme Court's warning that dismissal or transfer for *forum non conveniens* is required unless "extraordinary circumstances unrelated to the convenience of the parties" outweigh the parties' contractual choice of forum. Atl. Marine, 134 S. Ct. at 581. Smith has not shown that any such extraordinary circumstances exist. Therefore, this action is dismissed so that it may be refiled in the Circuit Court of Cook County, Illinois.

### III. Conclusion

The forum selection clause is enforceable and no extraordinary circumstances weigh against enforcing the clause. The Court dismisses this case under the doctrine of *forum non conveniens*. Because the Court has determined that the case should be litigated in a different forum, the Court declines to determine whether the class action allegations in the Amended Complaint should be stricken. Oasis Legal may raise that issue in the Circuit Court of Cook County, Illinois if Smith refiles her action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Oasis Legal Finance, LLC's Motion to Dismiss Amended Complaint and to Strike Class Allegations (Doc. # 14) is **GRANTED** to the extent the case is **DISMISSED** for *forum non conveniens*.

(2) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of October, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE